UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
DAYS IMPEX LIMITED,

          Plaintiff,

   - against -

CHINA NATIONAL ELECTRONICS
IMP. & EXP. ANHUI CORP. a.k.a.
CHINA NATIONAL ELECTRONICS
IMPORT & EXPORT ANHUI CORP.,

          Defendant.
----------------------------------------------------X

07 CV 4610 (NRB)
ECF CASE



RECEIVED
JUL 0 2 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## AMENDED VERIFIED COMPLAINT

Plaintiff, DAYS IMPEX LIMITED (hereinafter referred to as "Plaintiff" or "DAYS"), by and through its attorneys, Tisdale Law Offices, as and for its Amended Verified Complaint against the Defendant, CHINA NATIONAL ELECTRONICS IMP. & EXP. ANHUI CORP. a.k.a. CHINA NATIONAL ELECTRONICS IMPORT & EXPORT ANHUI CORP. (hereinafter referred to as "Defendant" or "CEIEC"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a principal place of business in China.

4.     By a bill of lading dated May 1, 2007 Plaintiff contracted with Defendant for the shipment of a container of televisions "ocean freight prepaid" aboard the MV AGIOS DIMITRIOS I (hereinafter the "Vessel") from Shanghai to Montevideo. *See bill of lading annexed hereto as Exhibit "1."*

5.     Certain disputes arose between the Plaintiff and Defendant regarding the Defendant's breaches of the contract including failure to ship the goods as per the terms of the contract. Specifically, the Defendant and shipper of the cargo, shipped fewer goods than agreed to in the contract and failed to so indicate in the bill of lading. Now, the rest of the goods have been shipped for which Plaintiff has paid $22,000. The Defendant, shipper, has withheld delivery of the cargo despite payment, refusing to negotiate the ocean bill of lading as required.

6.     As a result of Defendant's tortious interference with Plaintiff's bill of lading and other breaches of the contract, Plaintiff has sustained damages in the total principal amount of **$62,361.07** exclusive of interest, arbitration costs and attorney's fees.

7.     Any disputes between the parties will be brought in the appropriate foreign forum.

8.     Plaintiff will soon commence appropriate proceedings, pursuant to the agreement.

9.     Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the contract.

10.    Upon information and belief, interest, costs and attorneys' fees are routinely awardable in the foreign forum. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $62,361.07 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $12,980.96 |
| C. | Estimated attorneys' fees: | $15,000.00 |

**Total**                                                                $90,342.03

11.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $90,342.03

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$90,342.03** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

    C.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

    D.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 2, 2007
       New York, NY

                      The Plaintiff,
                      DAYS IMPEX LIMITED,

                      By: _/s/ L. C. Davies_
                      Lauren C. Davies (LD 1980)
                      Thomas L. Tisdale (TT 5263)
                      TISDALE LAW OFFICES
                      11 West 42nd Street, Suite 900
                      New York, NY 10036
                      (212) 354-0025 – phone
                      (212) 869-0067 – fax
                      ldavies@tisdale-law.com
                      ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of Manhattan
County of New York   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate at Tisdale Law Offices, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 2, 2007
         New York, NY

_L C Davies_
Lauren C. Davies