*Orlee Goldfeld [OG4142]*
*BUTZEL LONG*
*551 Fifth Avenue*
*New York, New York 10176*
*Telephone: (212) 818-1110*
*Telefax: (212) 818-0494*
*Attorneys for Defendant*
  *China National Electronics*
  *Import & Export Anhui Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAYS IMPEX LIMITED,** | 07 CV 4610 (NRB) |
| **Plaintiff,** | ECF CASE |
| - against – | **RESTRICTED APPEARANCE AND ANSWER** |
| **CHINA NATIONAL ELECTRONICS IMP. & EXP. ANHUI CORP. a.k.a. CHINA NATIONAL ELECTRONICS IMPORT & EXPORT ANHUI CORP.** | |

Pursuant to Rules B(3)(b) and E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Defendant China National Electronics Import & Export Anhui Corp. ("CNE"), by its undersigned counsel, enters an appearance expressly restricted to its defense of the process of attachment and garnishment commenced by plaintiff Days Impex Limited ("Plaintiff"), and provides the following as its answer to Plaintiff's Verified Complaint, dated May 31, 2007 ("Verified Complaint").[1]

1.  CNE denies the averment in Paragraph 1 of the Verified Complaint.

2.  CNE is without knowledge or information sufficient to form a basis as to the truth of the averments in Paragraph 2 of the Verified Complaint.

---

[1] CNE is filing this Answer to the Verified Complaint, which was sent to it by mail on or about July 6, 2007. CNE disputes the validity of Plaintiff's attempted service of the Verified Complaint. CNE has not been served with any Amended Verified Complaint.

3. CNE admits the averments in Paragraph 3 of the Verified Complaint.

4. CNE denies the averments in Paragraph 4 of the Verified Complaint.

5. CNE denies the averments in Paragraph 5 of the Verified Complaint, except admits that there exist certain disputes between Plaintiff and CNE regarding the shipment of goods.

6. CNE denies the averments in Paragraph 6 of the Verified Complaint.

7. CNE denies the averments in Paragraph 7 of the Verified Complaint, except admits that the parties' agreement provides that the parties' Purchase Contract and Terms and Conditions thereof shall be governed by and interpreted in all respects in accordance with the laws of Hong Kong and the parties irrevocably submitted themselves to the non-exclusive jurisdiction of the Supreme Court of Hong Kong.

8. CNE denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Verified Complaint.

9. CNE denies the averments in Paragraph 9 of the Verified Complaint.

10. CNE denies the averments in Paragraph 10 of the Verified Complaint.

11. CNE denies the averments in Paragraph 11 of the Verified Complaint, except admits that it has, or will have during the pendency of this action, assets within this District.

12. CNE denies the averments in Paragraph 12 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over Plaintiff's claims.

**Third Affirmative Defense**

This Court lacks personal jurisdiction over CNE.

**Fourth Affirmative Defense**

This action should be dismissed for improper venue.

**Fifth Affirmative Defense**

This action should be dismissed for *forum non conveniens*.

**Sixth Affirmative Defense**

Plaintiff has not effected service of process in accordance with the Federal Rules of Civil Procedure or the Supplemental Rules for Admiralty or Maritime Claims.

**Seventh Affirmative Defense**

The amounts garnished by plaintiff exceed the amount in dispute between the parties.

**Eighth Affirmative Defense**

The basis of Plaintiff's claims does not fall within Rule 9(h) of the Federal Rules of Civil Procedure.

Dated: New York, New York
August 2, 2007

s/ Orlee Goldfeld
_____

Orlee Goldfeld [OG4142]
BUTZEL LONG
551 Fifth Avenue
New York, New York 10176
(T) (212) 818-1110
(F) (212) 818-0494

*Attorneys for Defendant*
   *China National Electronics Import &*
   *Export Anhui Corp.*

3